**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FILED
CLERK, U.S. DISTRICT COURT
06/26/2025
CENTRAL DISTRICT OF CALIFORNIA
BY GSA DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**SAMUEL WILLIAMS,**
**Plaintiff,**

**v.**

**LOS ANGELES DEPARTMENT OF WATER AND POWER; HELIODORO CAMPOS,**
**Defendants.**

**Case No. 2:25-cv-05810-AH-(AJRx)**

## I. INTRODUCTION

This is a civil rights action brought by Plaintiff Samuel Williams against the Los Angeles Department of Water and Power (LADWP) and its agent Heliodoro Campos for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1983. Plaintiff was subjected to egregious acts of racial discrimination, retaliation, denial of disability accommodations, and post-termination harassment and defamation. Plaintiff seeks compensatory and punitive damages, injunctive relief, and declaratory relief.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 12117. Venue is proper in this District under 28 U.S.C. § 1391(b), as all events giving rise to the claims occurred in Los Angeles County.

## III. PARTIES

1. Plaintiff Samuel Williams is an individual residing in Los Angeles County, California.

2. Defendant LADWP is a public municipal entity operating under the laws of California.

3. Defendant Heliodoro Campos is an individual employed by LADWP and engaged in the conduct alleged herein.

## IV. FACTUAL ALLEGATIONS

Plaintiff was employed by LADWP from 2008 until June 3, 2021. Throughout his employment, he was subjected to repeated racial insults, harassment, and discriminatory practices by coworkers and supervisors. He filed numerous internal complaints with LADWP's EEO unit and external complaints with the EEOC and DFEH. After a workplace injury in February 2021, LADWP failed to provide reasonable accommodations. Plaintiff was retaliated against with false disciplinary action

and denied due process, culminating in his termination. Defendants subsequently engaged in further retaliation through misuse of legal processes and defamation.

**V. CLAIMS FOR RELIEF**

First Cause of Action: Violation of Title VII – Racial Discrimination and Retaliation

Second Cause of Action: Violation of the ADA – Disability Discrimination and Failure to Accommodate

Third Cause of Action: 42 U.S.C. § 1983 – Violation of Due Process and Equal Protection Rights

Fourth Cause of Action: Intentional Infliction of Emotional Distress

Fifth Cause of Action: Retaliation – Post-Termination Conduct and Workplace Violence TRO Misuse

Sixth Cause of Action: Negligent Supervision and Training

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. General and special damages according to proof;

b. Punitive damages;

c. Injunctive and declaratory relief;

d. Attorney's fees and costs (if applicable);

e. Any other relief the Court deems just and proper.

**VII. DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 26, 2025

Respectfully submitted,

______________________________

**Samuel Williams**
**Plaintiff, In Pro Per**

**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866x)
**BENJAMIN F. CHAPMAN**, General Counsel
for Water and Power (SBN 234436)
**JENNIFER M. GREGG**, Assistant City Attorney (SBN 193037)
**SONIA M. PFLASTER,** Deputy City Attorney (SBN 265462)
221 North Figueroa Street, Suite 1000
Los Angeles, California 90012
Telephone: (213) 367-2856
Facsimile: (213) 367-4588
sonia.pflaster@ladwp.com

Attorneys for Defendant
CITY OF LOS ANGELES, acting by and through its
DEPARTMENT OF WATER AND POWER

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

SAMUEL WILLIAMS,

Plaintiff,

vs.

LOS ANGELES DEPARTMENT OF WATER AND POWER; HELIODORO CAMPOS, AND INVIDIVIDUAL, AND DOES 1 THOUGH 12, INCLUSIVE

Defendants.

**CASE NO: 24STCV31513**

[*Honorable Daniel M. Crowley, Presiding, Dept. 71]*

**NOTICE OF RULING ON DEFENDANT'S DEMURRER TO FIRST AMENDED COMPLAINT AND MOTION TO STRIKE**

Complaint Filed: December 2, 2024
Trial Date: TBD

**TO PLAINTIFF SAMUEL WILLIAMS IN PRO SE:**

PLEASE TAKE NOTICE THAT on June 23, 2025, the demurrer of Defendant City of Los Angeles, acting by and through its Department of Water and Power ("Defendant" or "City"), to Plaintiff's First Amended Complaint and Motion to Strike came on regularly for hearing and was heard in Department 71 of this Court before the Honorable Daniel M. Crowley, Judge Presiding.

///

///

///

Upon consideration of the papers and oral argument, the Court adopted its Tentative Ruling as its Final Ruling on Defendant's Demurrer and Motion to Strike, ordering as follows:

1. Defendant's Demurrer to Plaintiff's FAC is sustained with 20 days leave to amend.
2. Defendant's Motion to Strike is denied as moot.

The Court further ordered that Defendant is to give notice of this Ruling.

A true and correct copy of the Court's Tentative Ruling, adopted by the Court as its Final Ruling, is attached hereto as Exhibit 1.

DATED: June 23, 2025

HYDEE FELDSTEIN SOTO, City Attorney
BENJAMIN CHAPMAN, General Counsel for Water and Power
JENNIFER GREGG, Assistant City Attorney
SONIA M. PFLASTER, Deputy City Attorney

By: Sonia M. Pflaster
SONIA M. PFLASTER, Deputy City Attorney

# EXHIBIT 1

Case Number: 24STCV31513 Hearing Date: June 23, 2025 Dept: 71

Superior Court of California

County of Los Angeles

DEPARTMENT 71

TENTATIVE RULING

| | |
|---|---|
| SAMUEL WILLIAMS,<br><br>vs.<br><br>LOS ANGELES DEPARTMENT OF WATER AND POWER. | Case No.: 24STCV31513<br><br><br><br>Hearing Date: June 23, 2025 |

Defendant City of Los Angeles, acting by and through its Department of Water and Power's demurrer to pro.per Plaintiff Samuel Williams' First Amended Complaint is sustained with 20 days leave to amend.

Defendant City of Los Angeles, acting by and through its Department of Water and Power's motion to strike portions of Plaintiff's First Amended Complaint is denied as moot.

Defendant City of Los Angeles, acting by and through its Department of Water and Power ("City") ("Defendant") demurs to pro.per Plaintiff Samuel Williams' ("Williams") ("Plaintiff") entire first amended complaint ("FAC") and to the 1st, 2nd, 3rd, and 4th causes of action. (Notice of Demurrer, pgs. 1-2; C.C.P. §430.10(e); Gov. Code §§12940 et seq¡)

Defendant also moves to strike portions of Plaintiff's FAC. (Notice of MTS, pgs. 1-4; C.C.P. §§435-436.)

1. Demurrer

Meet.and.Confer

Before filing a demurrer, the demurring party must meet and confer in.person?by.telephone?or.by. video.conference with the party who filed the pleading to attempt to reach an agreement that would

resolve the objections to the pleading and obviate the need for filing the demurrer. (C.C.P. §430.41(a), emphasis added.)

The demurring party shall file and serve with the demurrer a declaration stating either of the following: (A) The means by which the demurring party met and conferred with the party who filed the pleading subject to demurrer, and that the parties did not reach an agreement resolving the objections raised in the demurrer. (B) That the party who filed the pleading subject to demurrer failed to respond to the meet and confer request of the demurring party or otherwise failed to meet and confer in good faith. (C.C.P. §430.41(a)(3).)

Defendant's counsel declares that on March 11, 2025, she attempted to meet and confer with Plaintiff's counsel via email, and Plaintiff's counsel did not respond to her. (See Decl. of Dunkerly ¶2.) Defendant's counsel's declaration is not sufficient under C.C.P. §430.41(a) because she did not attempt to meet and confer in.person?by.telephone?or.by.video.conference. However, the failure to sufficiently meet and confer is not grounds to overrule or sustain a demurrer. (C.C.P. §430.41(a)(4); Dumas.v¡.Los.Angeles.County.Board.of.Supervisors (2020) 45 Cal.App.5th 348, 355; Olson.v¡.Hornbrook.Community.Services.District (2019) 33 Cal.App.5th 502, 515.) Therefore, the Court will consider Defendant's demurrer.

Request.for.Judicial.Notice

Defendant's 3/21/25 request for judicial notice of (1) Plaintiff Samuel Williams' complaint filed with the California Department of Fair Employment and Housing ("DFEH"), on November 19, 2020, (Complaint No. 202009-11263816) (D-RJN, Exh. 1); (2) a right-to-sue letter issued by the DFEH on Plaintiff's DFEH complaint, (Complaint No. 202009-11263816), dated August 23, 2021 (D-RJN, Exh. 2); (3) the Employee Relations Ordinance of the City of Los Angeles, City of Los Angeles Administrative Code Division 4, Chapter 8- Employer-Employee Relations, Sections 4.810 and 4.860 (D-RJN, Exh. 3); (4) the Rules and Regulations adopted by the Los Angeles Employee Relations Board, Rules Governing Unfair Employee Relations Practice Claims (D-RJN, Exh. 4); (5) the Los Angeles City Employee Relations Board's April 9, 2024, correspondence sent to Plaintiff, enclosing the Decision and Order along with the Hearing Officer's report (D-RJN, Exh. 5), is granted.

Defendant's 3/21/25 request for judicial notice of page 5 of the initial Complaint and pages 11-19 of the initial complaint filed in this matter is denied because the Court does not need to take judicial notice of filings on the instant docket.

Procedural.Background

Plaintiff filed his initial Complaint on December 2, 2024, against Defendant.

Plaintiff filed the operative FAC on December 19, 2024, against Defendant, alleging four causes of action: (1) harassment based on race; (2) discrimination based on race; (3) retaliation in violation of Government Code §§12940(a) et seq.; and (4) failure to take all reasonable steps to prevent discrimination, harassment, and retaliation.

Defendant filed its demurrer and accompanying motion to strike on March 21, 2025. Plaintiff filed his late opposition on June 16, 2025. Defendant filed its reply on June 13, 2025.

Summary.of.Allegations

Plaintiff alleges that he is a Black male who had been employed by Defendant since 2008. (See FAC ¶1.) Plaintiff alleges that he was subjected to racial discrimination in 2014 when he and another person overheard a maintenance laborer, John C. Burecki, say "Yeah, the little monkey jumped out the car shooting his gun like this, they should exterminate the whole town of New Orleans," which Plaintiff alleges was a deliberate and targeted racial insult meant to intimidate Plaintiff and the other person. (See FAC ¶4.) Plaintiff alleges that he consequently filed an EEO complaint with the LADWP's office. (FAC ¶4.)

Plaintiff alleges that on another occasion in 2018, he was with other coworkers and heard Thomas Hamilton say that he used to refer to Black people as "niggers" when he was a detention officer, because they would call them names and throw feces at them. (FAC ¶5.) Plaintiff alleges that in July 2018 he prepared a statement about racial discrimination happening inside of the support services division by Richard Folstad and Michael Gray, two Caucasian supervisors. (See FAC ¶8.)

Plaintiff alleges that in January 2019, he was in a face-to-face meeting with Bernard Rogers, in which Rogers referred to Plaintiff's leadership skills and Plaintiff as "Hitler," and then stated that "Martin Luther King was a good leader also." (FAC ¶7.) Plaintiff alleges that he again filed an EEO complaint with Defendant's office, and received notice in August 2020 that Defendant did not investigate his complaint. (FAC ¶7, Exh. C.)

Plaintiff alleges that on June 1, 2020, he received a text message from a coworker, Jimmy Natividad, that depicted a meme of George Floyd being killed on one side and a Black man with a large neck that read, "Sorry too soon, funny as fuck tho," which added to Plaintiff's stress and emotional trauma he was experiencing, having contracted COVID-19 from coworkers. (FAC ¶8.) Plaintiff alleges that he was entitled to worker's compensation, which led to more retaliation by different managers and supervisors of Defendant. (FAC ¶8.)

Plaintiff alleges that on July 7, 2020, Andrew Kendall, Assistant General Manager of Power Systems, showed up at Plaintiff's office, and during their conversation, Kendall said, "LADWP stands for the Los Angeles Department of White People, quit complaining or I wouldn't make supervisor." (FAC ¶9.) Plaintiff alleges that he filed another complaint against Kensall for discrimination and a complaint against Heliodoro Campos for sexual harassment by a supervisor. (FAC ¶9, Exh. D.)

Plaintiff alleges that from the time Campos took the position of supervisor in a training capacity in May 2020, it only took him less than ninety days to subject Plaintiff to the first and only write-up of his career at LADWP, in which James Griggers and IBEW Local 18 helped Campos narrate his write-up against Plaintiff, leaving Plaintiff unrepresented. (FAC ¶10.)

Plaintiff alleges that on February 9, 2021, he was catastrophically injured due to employee negligence, which resulted in a second workers' compensation form being filed. (FAC ¶11.) Plaintiff alleges that he attempted to open a 30" diameter door on a pressurized vessel that

was supposed to be emptied and drained, but the vessel was still under pressure and filled with over two hundred gallons of 140-degree water. (FAC ¶11.) Plaintiff alleges that all associated gauges on equipment read "empty" and drains were open before the door was opened. (FAC ¶11.) Plaintiff alleges once the door was pulled open, all the water blasted out, hitting Plaintiff directly in the face, and Plaintiff felt a pop in his neck and shoulders. (FAC ¶11.)

Plaintiff alleges that after the injury, he was placed on light duty with restrictions and was forced to call into the office and report for work five days a week. (FAC ¶12.) Plaintiff alleges that all of his sick time was used up fraudulently because he did not have a chance to apply for FMLA at any time. (FAC ¶12.) Plaintiff alleges that he met with Mediator Angela Reddock-Wright, and he explained to the Mediator the racism, discrimination, and other violations that have been continuously happening at LADWP, which were not addressed by the EEO Department, including Renette Anderson and Randyn Calvo. (FAC ¶12.) Plaintiff alleges he made several attempts to speak with the Director of Labor Relations, Deitra Fernandes, but he was only met with hostility and lies. (FAC ¶12.)

Plaintiff alleges that after he was denied fair and due process by Angela Reddock-Wright and others at LADWP, he was subjected to civil harassment at his residence by Kevin DelaRoca and Kevin Kurzahls, retired OSI investigators for LADWP and former LAPD officers. (FAC ¶13.) Plaintiff alleges they obtained support for the 77th Division of LAPD from Oscar DelaRoca's daughter, who is a captain with LAPD. (FAC ¶13.)

Plaintiff alleges that in May 2021, he was offered his pension in lieu of termination by IBEW Local 18 via email, and Plaintiff asked for representation and did not get responses. (FAC ¶14.) Plaintiff alleges that on June 3, 2021, he was terminated by LADWP, "leaving a score of 93 stranded on the books for promotion to supervisor" and no income or medical benefits since. (FAC ¶14.)

Plaintiff alleges that he has exhausted his administrative remedies within LADWP, and he obtained a reverse of action for unemployment benefits in 2022, to no avail. (FAC ¶15.) Plaintiff alleges he was issued a charge of discrimination by the EEOC on March 15, 2023, with a dual FEPA filing with the California Department of Civil Rights. (FAC ¶15.)

Summary.of.Demurrer

Defendant demurs to the entire FAC on the basis it is barred by Plaintiff's failure to allege sufficient facts to demonstrate timely exhaustion of administrative remedies under the FEHA, Gov. Code §§12940 et seq., pursuant to C.C.P. §430.10(a). (Demurrer, pg. 3.) Defendant demurs to the 1st, 2nd, 3rd, and 4th causes of action on the basis they fail to state facts sufficient to constitute causes of action. (Demurrer, pgs. 3-4; C.C.P. §430.10(e).)

<u>Legal Standard</u>

"[A] demurrer tests the legal sufficiency of the allegations in a complaint." (Lewis.v¡.Safeway?. Inc¡ (2015) 235 Cal.App.4th 385, 388.) A demurrer can be used only to challenge defects that appear on the face of the pleading under attack or from matters outside the pleading that are

judicially noticeable. (See.Donabedian.v¡.Mercury.Insurance.Co¡ (2004) 116 Cal.App.4th 968, 994 [in ruling on a demurrer, a court may not consider declarations, matters not subject to judicial notice, or documents not accepted for the truth of their contents].) For purposes of ruling on a demurrer, all facts pleaded in a complaint are assumed to be true, but the reviewing court does not assume the truth of conclusions of law. (Aubry.v¡.Tri_City.Hospital.District (1992) 2 Cal.4th 962, 967.)

Failure to State a Cause of Action

Entire.FAC

Before filing a civil action alleging FEHA violations, a plaintiff must exhaust the administrative remedy provided by statute by filing a complaint with the CRD and obtaining a right to sue notice. (Pollock.v¡.Tri_Modal.Distribution.Services (2021) 11 Cal.5th 918, 931.) "Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." (Johnson.v¡.City.of. Loma.Linda (2000) 24 Cal.4th 61, 70.) As a "jurisdictional prerequisite," plaintiff bears the burden of pleading and proving timely filing of a sufficient complaint and obtaining a right-to-sue notice. (Holland.v¡.Union.Pacific.Railroad.Co¡ (2007) 154 Cal.App.4th 940, 945, as.modified (Aug. 29, 2007).) Exhaustion of administrative remedies must be affirmatively plead. (Kim.v¡.Konad.USA. Distribution?Inc¡ (2014) 226 Cal.App.4th 1336, 1345.)

For a plaintiff to exhaust his administrative remedies as to a particular act made unlawful by FEHA, he "must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts." (Okoli.v¡.Lockheed.Technical.Operations.Co¡ (1995) 36 Cal.App.4th 1607, 1613; Wills.v¡.Superior.Court (2011) 195 Cal.App.4th 143, 153.) The scope of the written administrative complaint defines the permissible scope of the subsequent civil action. (Yurick.v¡. Superior.Court (1989) 209 Cal.App.3d 1116, 1121-1123.) "Allegations in the civil complaint that fall outside the scope of the administrative complaint are barred for failure to exhaust." (Rodriguez.v¡. Airborne.Express (9th Cir. 2001) 265 F.3d 890, 896-897.)

Here, Plaintiff failed to adequately plead administrative exhaustion because he does not establish the scope of his operative CRD complaint. The FAC contains no factual allegations as to the substance of Plaintiff's underlying CRD complaint (i.e., the allegedly wrongful acts and the basis of the alleged discrimination, if any). The FAC does not indicate that Plaintiff's underlying CRD complaint alleged discrimination based on race and mental illness. Similarly, the FAC does not allege that Plaintiff's underlying CRD complaint specified any of the acts plead. Here, Plaintiff's failure to allege any facts regarding the particulars of his underlying CRD complaint precludes him from relying on that complaint to show he timely exhausted administrative remedies.

Accordingly, Defendant's demurrer is sustained with 20 days leave to amend.

Harassment.Based.on.Race.(7st.COA)

To establish a prima facie case of hostile work environment, a plaintiff must show the following: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on the protected class; (4) the harassment unreasonably interfered with his

work environment by creating an intimidating, hostile, or offensive work environment; and (5) the employer is

liable for the harassment. (Thompson.v¡.City.of.Monrovia (2010) 186 Cal.App.4th 860, 876.)

Harassment must be of a repeated, routine, or generalized nature when the harassing conduct is not severe. (See.Lyle.v¡.Warner.Bros¡.Television.Productions (2006) 38 Cal.4th 264, 283.) Harassment that is occasional, isolated, or sporadic is insufficient. (Id¡)

Before January 1, 2020, FEHA required administrative complaints to be filed with the CRD no later than "one year from the date upon which the alleged unlawful practice or refusal to cooperate occurred." (Gov. Code §12960(d).) Effective January 1, 2020, the Legislature amended FEHA to extend the period for filing administrative complaints to three years. (Gov. Code §12960(e); Pollock, 11 Cal.5th at pg. 931.) However, this amendment applies only to claims that had not lapsed by January 1, 2020. (Gov. Code §12960(f)(3).)

Here, the FAC alleges that Plaintiff "was issued a charge of discrimination by the EEOC on March 15th, 2023, with dual FEPA filing with the [CRD]." (FAC ¶15). However, this allegation is directly contradicted by the CRD right-to-sue notice attached to Plaintiff's initial Complaint, which shows that Plaintiff's EEOC charge number 480-2023-04353 was filed on "2/28/2024." (See D-RJN, Exh. 7.) Facts appearing in exhibits attached to the complaint are given precedence over inconsistent allegations in the complaint. (Moran.v¡.Prime.Healthcare.Management?Inc¡ (2016) 3 Cal.App.5th 1131, 1145-1146; Sarale.v¡.Pacific.Gas.™.Electric.Co¡ (2010) 189 Cal.App.4th 225, 245- 246.) Accordingly, Plaintiff's FEHA claims based on conduct before February 28, 2021, are time-barred by FEHA's three-year statute of limitations.

Plaintiff is further barred from premising liability in this action based on any conduct that occurred on or before November 19, 2020, because he filed a DFEH complaint on November 19, 2020, for which he received a right to sue on August 23, 2021. (See D-RJN, Exhs. 1-2.) Government Code §12965(a)(5)(C) requires that a civil action under FEHA be filed within one year after the date of a right-to-sue notice. Moreover, Courts have interpreted Government Code §12965's one-year deadline from the right to sue notice as "a condition on a substantive right rather than a procedural limitation period for commencement of an action." (Acuna.v¡.San.Diego.Gas.™.Electric.Co¡ (2013) 217 Cal.App.4th 1402, 1413, citing Williams.v¡.Pacific.Mutual.Life.Insurance.Co¡ (1986) 186 Cal.App.3d 941, 949.) Therefore, it "cause[s] the right which previously arose and on which a suit could have maintained, to expire." (Id¡)

Here, because Plaintiff did not file suit against Defendant within one year of his receipt of his August 23, 2021, DFEH right to sue notice, his right to premise liability on conduct that occurred prior to his corresponding November 19, 2020, DFEH charge has expired. The allegations in the FAC that suggest race-based conduct are time-barred and cannot be relied on by Plaintiff in support of his prima facie claim.

Further, excluding the time-barred allegations contained within FAC ¶¶4-10, Plaintiff's FAC fails to plead any allegations suggesting that Plaintiff was harassed based on his race or mental health. Plaintiff fails to allege timely or specific allegations to support Defendant's creation of a hostile work environment. (FAC ¶22.) Within FEHA's limitations period (three years prior to Plaintiff's

February 28, 2024 charge, or on or after February 28, 2021), Plaintiff alleges that: (1) while on light duty, he had to call into the office, report for work 5 days a week, and that his sick time was "used up fraudulently" (FAC ¶12); (2) Plaintiff was "civilly harassed" at his home residence by investigators for LADWP (FAC ¶13); and (3) Plaintiff was terminated by LADWP on June 3, 2021 (FAC ¶14).

Plaintiff's allegations are insufficient to support a cause of action for harassment on the basis of either race or mental health.  First, Plaintiff does not allege facts suggesting that any of this conduct was motivated by his membership in any protected class.  Second, directing Plaintiff to report for work 5 days a week, and terminating Plaintiff's employment, are "commonly necessary personnel management actions" which do not constitute harassment under FEHA as a matter of law.  (Reno.v¡. Baird (1998) 18 Cal.4th 640, 645-647.)  While the FAC alleges that Plaintiff was "civilly harassed" at his home residence, this vague allegation is insufficient to establish that he was subject to any harassment under FEHA.

Plaintiff's conclusory allegations contain no supporting facts to suggest that he was harassed because of his race or mental health, or that such harassment, if any, was sufficiently severe or pervasive to alter the conditions of his employment. (Lyle, 38 Cal.4th at pgs. 278-279, 283.)  Accordingly, Defendant's demurrer to the 1st cause of action is sustained with 20 days leave to amend.

Discrimination.Based.on.Race.(8nd.COA)

To establish a prima facie case of discrimination under FEHA, a plaintiff must allege five elements: (1) membership in a protected class, (2) discriminatory animus of the employer; (3) adverse employment action by the employer; (4) a causal link between the discriminatory animus and the adverse action; and (5) resulting damages. (Mamou.v¡.Trendwest.Resorts (2008) 165 Cal.App.4th 686, 713.)

Plaintiff fails to allege facts sufficient to state a prima facie case for discrimination based on race or mental disabilities, because the FAC does not allege any timely facts sufficient to suggest some discriminatory motive, or a causal link between any such animus and any actionable adverse employment action. (Mamou, 165 Cal.App.4th at pg. 713.)  Here, the FAC's allegations suggesting any animus based on Plaintiff's race pertain to conduct that pre-date February 28, 2021—conduct which is time barred under Government Code §§12960(e) and 12965(a)(5)(C).  The FAC contains no facts suggesting Plaintiff was treated less favorably than similarly situated, non-African American employees, because of his race.  (Iwekaogwu.v¡.City.of.Los.Angeles (1999) 75 Cal.App.4th 803, 817.)  The FAC contains no facts from which it may be inferred that Plaintiff was terminated by LADWP because of his race or mental health, or that LADWP's act of requiring him to call into the office and report to work 5 days a week while on light duty status had any relationship to his race or mental health.

Further, Plaintiff fails to allege that he timely exhausted his judicial remedies by filing a petition for writ of mandate to challenge the Employee Relations Board's ("ERB") decision on the matter of UERP 2138 finding that his discharge was not racially motivated, despite having attached UERP 2138 to his original complaint.  (Complaint, pg. 11 of 39.)  In ruling on Plaintiff's UERP 2138

challenging Plaintiff's termination as discriminatorily or retaliatorily motivated, the ERB acted in a quasi-judicial capacity.  (See D-RJN, Exhs. 3-5.)  The proceedings before the ERB included "a hearing before an impartial decision maker; testimony given under oath or affirmation; [the] ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision."  (See D-RJN, Exhs. 3-4; Complaint, pg. 11 of 39; Pacific. Lumber.Co¡.v¡.State.Water.Resource.Control.Board (2006) 37 Cal. 4th 921, 1054-1055, internal citations and quotations omitted.)

The requirements for application of collateral estoppel are also satisfied. For collateral estoppel to apply, (1) the issue must be identical to an issue decided in a prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; (3) the issue must have been necessarily decided in the prior proceeding; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must have been a party to, or in privity with, a party to the prior proceeding.  (People.v¡.Garcia (2006) 39 Cal.4th 1070, 1077; Castillo, 92 Cal.App.4th at pg. 481.)  One of the issues to be decided in the present lawsuit, i.e., whether Plaintiff's June 3, 2021, termination was motivated by discrimination or retaliation, is identical to the issue that was actually litigated and necessarily decided by the ERB in UERP 2138 in determining LADWP did not violate the Employee Relations Ordinance when it terminated Plaintiff's employment on June 3, 2021.  (See D-RJN, Exh. 5, at pg. 44.)

The ERB's decision in UERP 2138 is also a final decision on the merits. Since Plaintiff's FAC fails to allege that he successfully overturned the ERB's decision within the 90-day period prescribed by C.C.P. §1094.6, it became final on July 9, 2024, approximately 90 days after the ERB's notice was mailed to Plaintiff on April 9, 2024.  (D-RJN, Exh. 6.)  The ERB's quasi-judicial finding in UERP 2138 that Plaintiff's termination was not motivated by discrimination or retaliation is binding on Plaintiff's FEHA claims and cannot be relitigated.  (Wassmann v¡ Orange.County.Community.College (2018) 24 Cal.App.5th 825, 848-850, citing Castillo v¡.City.of.Los.Angeles (2001) 92 Cal.App.4th 477, 486-487.)  Therefore, collateral estoppel bars Plaintiff's FEHA discrimination claims to the extent they seek to redress injuries pertaining to his termination.  Therefore, Plaintiff fails to allege an actionable adverse employment action.

Accordingly, Defendant's demurrer to the 2nd cause of action is sustained with 20 days leave to amend.

Retaliation.in.Violation.of.FEHA.(9rd.COA)

To establish a prima facie case of retaliation under FEHA, a plaintiff must demonstrate that he engaged in a protected activity, the employer subjected him to an adverse employment action, and there was a causal link between the protected activity and the employer's action.  (Yanowitz.v¡. L'Oreal.USA?Inc¡ (2005) 36 Cal.4th 1028, 1042.)  "The retaliatory motive is 'proved by showing that plaintiff engaged in protected activities, that [her] employer was aware of the protected activities, and that the adverse action followed within a relatively short time thereafter.' [Citation.] The causal link may be established by an inference derived from circumstantial evidence, 'such as the employer's knowledge that the [employee] engaged in protected activities and the proximity in time

between the protected action and allegedly retaliatory employment decision.'" (Morgan.v¡.Regents.of.the.University.of.California (2000) 88 Cal.App.4th 52, 69-70, internal quotations and citations omitted.) The employer's knowledge that the employee engaged in a protected activity is essential to the required causal link. (Id¡)

Plaintiff fails to allege facts establishing a retaliatory motive. Plaintiff alleges that he engaged in protected activity by filing an EEO complaint with LADWP in or around 2014 (FAC ¶4), July 2018 (FAC ¶6), January 2019 (FAC ¶7), and in or around 2020 (FAC ¶9). Plaintiff alleges that he was terminated on June 3, 2021—but does not allege that the decisionmakers to his termination were aware of his protected activities. Plaintiff alleges that after he complained about race harassment to Renette Anderson and Randyn Calvo of LADWP's Equal Opportunity Section (EOS) and to his union (IBEW Local 18 Assistant Business Manager Martin Maruffo, and Business Manager Gustavo Corona), he was passed over for promotion to the position of Steam Plant Maintenance Supervisor and demoted from his training position. (FAC ¶¶33-34). Plaintiff fails to allege when he was allegedly denied this promotion and contains no facts to indicate the individual(s) who made the decision were aware of his protected activities. Therefore, Plaintiff fails to allege a causal link between any of Plaintiff's alleged protected activities and his non-selection for promotion.

Plaintiff's claim for retaliation also cannot be premised on his demotion from his training position, because Plaintiff's UERP 2138, which he filed as an exhibit to his original Complaint, alleges that he was demoted from his training position on or about January 24, 2021—which is more than three years prior to his February 28, 2024, administrative charge and thus outside the limitations period. (Gov. Code §12960(e); Complaint at pg. 11 of 39.) Similarly, Plaintiff does not allege that the decisionmakers to this demotion had any knowledge of his protected activities.

Accordingly, Defendant's demurrer to the 3rd cause of action is sustained with 20 days leave to amend.

Failure.to.Prevent.Discrimination?Harassment?or.Retaliation.(0th.COA)

An actionable claim under Government Code §12940(k) is dependent upon an actionable claim of actual discrimination, harassment, or retaliation. (Dickson.v¡.Burke.Williams?Inc¡ (2015) 234 Cal.App.4th 1307, 1314; Kelley.v¡.The.Conco.Companies (2011) 196 Cal.App.4th 191, 208; Carter.v¡.California.Department.of.Veterans.Affairs (2006) 38 Cal.4th 914, 925 n.4; Trujillo.v¡.North.County.Transit.District (1998) 63 Cal.App.4th 280, 289.)

Here, Plaintiff fails to allege a "failure to prevent" cause of action because he has not alleged a viable cause of action for discrimination, harassment, or retaliation.

Accordingly, Defendant's demurrer to the 4th cause of action is sustained with 20 days leave to amend.

Conclusion

Defendant's demurrer to Plaintiff's FAC is sustained with 20 days leave to amend.

Moving Party to give notice.

2. Motion to Strike

In light of the Court's ruling on the demurrer, Defendant's Motion to Strike is denied as moot.

Conclusion

Defendant's motion to strike is denied as moot.

Moving Party to give notice.

Dated: June _____, 2025

## PROOF OF SERVICE

I declare as follows:

I am employed in the County of Los Angeles, California. I am over the age of 18 years, and not a party to the within action; my business address is 221 North Figueroa Street, Suite 1000, Los Angeles, California 90012.

On **June 23, 2025,** I served the foregoing document described as **NOTICE OF RULING ON DEFENDANT'S DEMURRER TO FIRST AMENDED COMPLAINT AND MOTION TO STRIKE**

on the interested parties in this action:

By mailing ☐ the original ☒ true copies thereof as follows:

**Samuel Williams**
**9905 Stanford Ave.**
**Watts, CA 90002**
**Email: samw794671@gmail.com**

**Attorney For: PRO SE**

[ ] **BY MAIL**

☐ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

[ X] **BY ELECTRONIC TRANSMISSION:** I transmitted a PDF version of the above-referenced document by electronic mail to the parties identified above by using the email address(es) indicated, per the parties January 7, 2025 agreement to accept electronic service.

☒ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

This declaration was executed on **June 23, 2025**, at Los Angeles, California.

DeHaviland Baylor
(Type or Print Name)

DeHaviland Baylor
(Signature of Declarant)

**Dear Clerk of the Court,**

I am a self-represented litigant seeking to file a new civil rights complaint in the U.S. District Court for the Central District of California. Please find attached the following documents for filing:

1. Complaint for Damages, Declaratory, and Injunctive Relief
2. Civil Cover Sheet (JS-44)
3. Summons (AO-440)
4. Application to Proceed In Forma Pauperis (IFP)
5. Notice of Related State Action Dismissal (LASC Case No. 24STCV31854)

This complaint raises claims under the Americans with Disabilities Act (Title II), Section 504 of the Rehabilitation Act, 42 U.S.C. § 1983, and related constitutional provisions.

Please advise if any corrections are needed to proceed with docketing. I am unable to pay the filing fee and respectfully request that the IFP application be reviewed in connection with this submission.

Thank you for your assistance and time.

Respectfully,
Samuel Williams
9905 Stanford Avenue
Los Angeles, CA 90002
Samw794671@gmail.com
(213) 925-5079

**PROOF OF SERVICE**

I, Samuel Williams, declare as follows:

I am over the age of 18 and not a party to this action. On June 26, 2025, I served the following documents:

1. Complaint for Damages and Injunctive Relief;
2. Memorandum of Points and Authorities in Support of Complaint;
3. Declaration of Samuel Williams in Support of Complaint;
4. Request for Judicial Notice with Exhibit Index;
5. [Proposed] Order Granting Request for Judicial Notice;
6. Certificate of Efforts to Notify Defendants;

on the following parties:

Heliodoro Campos
Los Angeles Department of Water and Power
Legal Division
111 N. Hope Street, Room 1550
Los Angeles, CA 90012
Email: sonia.pflaster@ladwp.com

Method of Service: [X] U.S. Mail [X] Email

I placed a true copy of the documents in a sealed envelope, with postage fully prepaid, addressed as shown above, and deposited the envelope in the United States mail in Los Angeles, California. I also transmitted the documents electronically via email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 26, 2025 in Los Angeles, California.

______________________________
**Samuel Williams**
**Plaintiff, In Pro Per**